JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-00098-JLS-MRW					Date: March 14, 2023
Title:  Hector Menchaca v. Howmet Aerospace, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** **(IN CHAMBERS) ORDER:  (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 15); and (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS CASE (Doc. 13)**

Before the Court are two motions: (1) a Motion to Dismiss Case filed by Defendant Howmet Aerospace, Inc. ("Howmet") (Howmet Mot., Doc. 13; Howmet Mem., Doc. 13-1); and (2) a Motion to Remand filed by Plaintiff Hector Menchaca (Menchaca Mot., Doc. 15; Menchaca Mem., Doc. 15-1).  Menchaca opposed Howmet's Motion, and Howmet replied.  (Docs. 20, 22.)  Howmet opposed Menchaca's Motion, and Menchaca replied.  (Remand Opp., Doc. 19; Remand Reply, Doc. 21.)  The Court found this matter appropriate for decision without oral argument and took it under submission.  For the reasons given below, the Court GRANTS Plaintiff's Motion to Remand and DENIES AS MOOT Defendant's Motion to Dismiss Case.

**I.      BACKGROUND**

This action arises from discriminatory treatment Menchaca alleges he suffered as a Howmet employee on account of his physical disabilities and advanced age.  (*See* Compl., Doc. 1-1.)  The facts are drawn from Menchaca's Complaint.  Menchaca began working for Howmet's predecessor, Alcoa Global Fasteners, Inc. in February 2008 ("Alcoa").  (*Id.* ¶ 13.)  From 2010 through 2019, Menchaca received positive performance reviews and merit increases to his hourly pay.  (*Id.* ¶ 14.)  He was also promoted in 2016.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00098-JLS-MRW                                        Date: March 14, 2023
Title:  Hector Menchaca v. Howmet Aerospace, Inc. et al

As he grew older, Menchaca began to suffer from certain physical disabilities and incurred an injury that led to a workers' compensation claim. (*Id.* ¶¶ 14–15.) On February 23, 2019, Menchaca's lower back was seriously injured while he was pulling shelves from a rack. (*Id.* ¶ 15.) Menchaca immediately told his manager, Victor Pacheco, about the injury, but he was not offered any medical treatment that day. (*Id.*) The next few days, Menchaca could barely move and was unable to work. (*Id.*) Approximately five days later, Menchaca visited Alcoa's work injury clinic and received instructions not to lift over 20 pounds and not to work longer than eight hours. (*Id.* ¶ 16.)

At first, Menchaca was able to continue working by taking on duties that were less physically taxing and consistent with the clinic's instructions. (*Id.* ¶ 17.) But management allegedly became annoyed with Menchaca's disabilities and advanced age and wanted him to leave his job altogether. (*Id.* ¶ 18.) Menchaca alleges that Defendant Trinidad Gutierrez, another manager overseeing Menchaca, asked Menchaca "when he planned to retire" and that he "was actually being pressured to retire." (*Id.*) But Menchaca had no plans to retire and wanted to work. (*Id.*)

In April 2020, Howmet purchased Alcoa. (*Id.* ¶ 19.) Menchaca alleges that on June 18, 2020 he was terminated "without any official reason, although management explained that they no longer wanted to accommodate him." (*Id.* ¶ 20.) He further alleges that Howmet tried to get him to sign a release in exchange for $4,992.86, which he rejected. (*Id.*) Menchaca asked to be allowed to take on difference job duties, but his request was denied. (*Id.*) Menchaca claims that he "was the oldest person in his position and the only one who was laid off at the time." (*Id.*)

On September 27, 2022, Menchaca filed a Complaint of Discrimination against the Defendants in this action with the California Department of Fair Employment and Housing ("DFEH"). (*Id.* ¶ 21.) DFEH issued a right-to-sue letter on the same day. (*Id.*) On September 30, 2022, Menchaca filed his Complaint in California Superior Court, Los Angeles County. (*See* Compl.) Menchaca brings the following claims: (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00098-JLS-MRW                                        Date: March 14, 2023
Title:  Hector Menchaca v. Howmet Aerospace, Inc. et al

discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940, *et seq*; (2) failure to accommodate in violation of FEHA; (3) failure to engage in a good faith interactive process in violation of FEHA; (4) harassment in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to prevent/remedy discrimination, harassment, or retaliation in violation of FEHA; (7) wrongful termination in violation of public policy; and (8) intentional infliction of emotional distress.  (Compl. ¶¶ 23–82.)  Menchaca brings the fourth and eight causes of action—harassment and intentional infliction of emotional distress—against both Howmet and one of his managers, Trinidad Gutierrez, with the remaining causes of action brought against Howmet only.  Howmet removed the case to federal court on January 6, 2023, asserting diversity jurisdiction.  (*See* Notice of Removal ("NOR"), Doc. 1.)

Menchaca has moved to remand on the grounds that Gutierrez is a California citizen, which means that complete diversity is absent here and there is no federal jurisdiction over his claims.  (*See generally* Menchaca Mem.)  Howmet has moved to dismiss on the grounds that Menchaca has not alleged sufficient facts to state a plausible claim under any of his causes of action.  (*See generally* Howmet Mot.)

## II.    LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, the defendant bears "the burden of establishing federal jurisdiction." *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332.  However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00098-JLS-MRW						Date: March 14, 2023
Title:  Hector Menchaca v. Howmet Aerospace, Inc. et al

### III.	DISCUSSION

Howmet removed this action on the basis of diversity jurisdiction. Diversity jurisdiction exists for civil actions between citizens of different states, where the amount-in-controversy is greater than $75,000. 28 U.S.C. § 1332. Menchaca alleges that he "was at all relevant times an adult male working for Defendant Howmet . . . in Orange County and Los Angeles County[.]" (Compl. ¶ 1.) The parties do not dispute that Menchaca is a California citizen. Although the Complaint does not state Defendant Trinidad Gutierrez's citizenship, both sides treat him as a California citizen. (NOR ¶¶ 19–22; Menchaca Mem. at 1.) Howmet argues, however, that Gutierrez's citizenship should be disregarded for diversity purposes because he is a "sham defendant." (NOR ¶¶ 19–40.)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Actual fraud is not required to establish fraudulent joinder; rather, a removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot establish a cause of action against the non-diverse party in state court." *Robey v. FCA US LLC*, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (cleaned up). A defendant seeking to remove on the basis of fraudulent joinder faces both "the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (cleaned up).

First, Howmet argues that the fact that Menchaca has not properly served Gutierrez is "fatal" to remand. (Remand Opp. at 2–3.) Howmet relies on cases interpreting the removal statute, 28 U.S.C. § 1441, which hold that removal is proper provided that it is effectuated before a resident defendant is properly joined and served.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00098-JLS-MRW                                    Date: March 14, 2023
Title:  Hector Menchaca v. Howmet Aerospace, Inc. et al

(*Id.*)  According to Howmet, because it "was the only properly joined and served defendant at the time it filed its Notice of Removal, and there is no dispute that Howmet is not a citizen of California, complete diversity of citizenship exists."  (*Id.* at 3.)

But Howmet's cited authorities do not support the proposition that it advances.  Those cases concern the so-called "forum defendant" rule against removal, whereby an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *Colo. Seasons, Inc. v. Friedenthal*, 2020 U.S. Dist. LEXIS 84645, at *4 (C.D. Cal. May 14, 2020).  "[T]he forum defendant rule applies as a procedural rule governing the propriety of removal and is not a jurisdictional rule."  *Friedenthal*, 2020 U.S. Dist. LEXIS 84645, at *4 (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006)).  Howmet's cited cases stand for the proposition that defendants may use "snap removal"—removal of a state court suit to federal court prior to service on a forum defendant—to defeat the forum defendant rule against removal.  *See, e.g.*, *Friedenthal*, 2020 U.S. Dist. LEXIS 84645, at *4–11.  But no case holds that defendants can use snap removal as an end-run around the diversity jurisdiction statute's requirement of complete diversity.  *See* 28 U.S.C. § 1332(a).  The permissibility of snap removal can only help Howmet establish that its removal was procedurally proper—not whether federal jurisdiction actually exists.  Accordingly, the Court finds Howmet's argument here unavailing.

Howmet also argues that Gutierrez is fraudulently joined because Menchaca has failed to allege sufficient facts to support his two claims against Gutierrez—harassment and intentional infliction of emotional distress.  (NOR ¶¶ 23–40; Remand Opp. at 3–16.)  Menchaca counters as follows: *first*, the two claims that he has asserted against Gutierrez are indisputably legally viable; *second*, even if he has failed to plead facts sufficient to state a claim against Gutierrez Howmet has not shown that Menchaca is unable to plead additional facts showing that Gutierrez harassed him and played an integral role in his wrongful termination.  (Menchaca Mem. at 6–7.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00098-JLS-MRW	Date: March 14, 2023
Title: Hector Menchaca v. Howmet Aerospace, Inc. et al

"Unlike discrimination claims, harassment claims are cognizable against individual defendants under FEHA." *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1248 (N.D. Cal. 2014). Further, this Court has previously found that the possibility of amendment of the complaint must be taken into consideration where fraudulent joinder is alleged. *See Reitz v. FCA US LLC*, 2021 WL 1905049, at *3 (C.D. Cal. May 11, 2021) (Staton, J.). Indeed, "the majority of federal district courts within the Ninth Circuit (especially the more recent cases) . . . require the defendant to show not only that the plaintiff has not stated a claim, but would be denied leave to amend." *Madayag v. McLane/Suneast, Inc.*, 2017 WL 30014, at *3 (E.D. Cal. Jan. 3, 2017) (surveying cases). Accordingly, given the presumption against fraudulent joinder, Howmet must show not only that the Complaint does not state a cause of action against Gutierrez, but that Menchaca would not be able to amend it to state a claim against him. *See Bell v. Terminix Int'l Co. Ltd. P'ship*, 2016 WL 3166318, at *3–7 (D. Haw. June 6, 2016).

Howmet contends that Menchaca's claims against Gutierrez rest "on two facts": (1) that Gutierrez managed Menchaca at Howmet; and (2) that Gutierrez asked Menchaca when he planned to retire. (NOR ¶ 21.) According to Howmet, those facts cannot possibly support claims for harassment and intentional infliction of emotional distress. (*Id.* ¶ 22–40.) Menchaca contends that Howmet misrepresents the allegations of the Complaint, which he claims make it clear that Gutierrez was part of a wrongful pressure campaign pushing Menchaca to retirement. (Menchaca Mem. at 3, 6–7.) According to Menchaca, his "supervisors, including Defendant Gutierrez, questioned his restrictions and acted annoyed and put out that they needed to accommodate him"; "made derogatory comments about his injury and age"; and "routinely asked when he would retire and pressured him to do so." (*Id.* at 3.) Menchaca adds that "it is clear that Gutierrez played an integral role in [his] termination." (*Id.* at 7.) Last, he likens this case to other instances where this Court has ordered remand after finding that a plaintiff asserting FEHA harassment claims against a supervisor could possibly state a harassment claim against an individual defendant. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00098-JLS-MRW                                              Date: March 14, 2023
Title:  Hector Menchaca v. Howmet Aerospace, Inc. et al

"To establish a prima facie case for a harassment . . . under FEHA, the plaintiff must show he was subjected to conduct or comments that were "(1) unwelcome; (2) because of [his age or disability]; and (3) sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Tapia v. Sterigenics US, LLC*, 2018 WL 620479, at *3 (C.D. Cal. Jan. 30, 2018) (Staton, J.) (quoting *Terry v. Register Tapes Unlimited, Inc.*, 2016 WL 4192438, at *2 (E.D. Cal. Aug. 8, 2016).  Further, "even 'necessary' managerial actions, when undertaken in a demeaning manner, may constitute harassment under FEHA." *Id*. (citing *Roby v. McKesson Corp.*, 219 P.3d 749, 763, 763 n.10 (Cal. 2009), *as modified* (Feb. 10, 2010)).

Here, Menchaca's allegations against Gutierrez in the Complaint are spare and conclusory:  Menchaca merely alleges that "[h]e was asked by Defendant Gutierrez when he planned to retire and was actually being pressured to retire." (Compl. ¶ 18.) Yet, regardless of whether the alleged conduct in Menchaca's Complaint rises to the level of actionable harassment, "to the extent that there is such a deficiency, [Menchaca] could seek leave to amend to allege additional facts that demonstrate the pervasiveness and severity of [Gutierrez's] conduct." *Id*. (citing *Cervantes v. Wells Fargo Bank, N.A.*, 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) (Staton, J.)).

When "allegations may not state a claim within the meaning of Federal Rule of Civil Procedure 8, 'a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.'" *Cervantes*, 2015 WL 2127215, at *3 (quoting *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011)). Further, "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).  A district court, that is, *must* grant remand absent a showing from the removing defendant that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Nasrawi*, 776 F. Supp. 2d at 1170 (quoting *Burris v. AT&T Wireless, Inc.*, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)); *see also Nickelberry v. DaimlerChrysler Corp.*, 2006 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00098-JLS-MRW  Date: March 14, 2023
Title: Hector Menchaca v. Howmet Aerospace, Inc. et al

997391, *1 (N.D. Cal. Apr. 17, 2006) (finding the defendant "has failed to show that, under California law, [plaintiff] would not be afforded leave to amend her complaint to address the purported pleading deficiency on which [defendant] relies").

Here, Howmet has not shown that "there is absolutely no possibility that [Menchaca] will be able to establish a cause of action against [Gutierrez]." *Tapia*, 2018 WL 620479, at *4 (quoting *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999)). Menchaca "has identified a cognizable, non-frivolous harassment claim against [Gutierrez] such that [Gutierrez] must be considered for purposes of determining diversity jurisdiction." *Shaw v. Am. Airlines, Inc.*, 2023 WL 1815870, at *4 (C.D. Cal. Feb. 7, 2023) (Staton, J.). And, having determined that Menchaca may be able to state a claim for harassment against Gutierrez, the Court need not consider the sufficiency of his allegations regarding his claim of intentional infliction of emotional distress. Therefore, "[b]ecause there is no fraudulent joinder, there is not complete diversity, and the action must be remanded." *Id.*

Accordingly, Menchaca's Motion to Remand is GRANTED and Howmet's Motion to Dismiss Case is DENIED AS MOOT.

### IV. CONCLUSION

For the foregoing reasons, Menchaca's Motion to Remand is GRANTED and Howmet's Motion to Dismiss Case is DENIED. The case is remanded to California Superior Court, Los Angeles County, Case. No. 22STCV32382.

Initials of Deputy Clerk: vrv